OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

---

| OPINION | : | |
| | : | No. 90-602 |
| of | : | |
| | : | OCTOBER 30, 1990 |
| JOHN K. VAN DE KAMP | : | |
| Attorney General | : | |
| | : | |
| RODNEY O. LILYQUIST | : | |
| Deputy Attorney General | : | |
| | : | |

---

THE HONORABLE PHILLIP ISENBERG, MEMBER OF THE CALIFORNIA ASSEMBLY, has requested an opinion on the following questions:

1.    Under what circumstances must persons be allowed to appeal to the governing body of a city an adverse determination made by a city advisory agency or appeal board to approve, conditionally approve, or disapprove a parcel or tentative map of a proposed subdivision?

2.    May the Legislature enact a statute that does not allow persons affected by a parcel or tentative map determination made by a city advisory agency or appeal board to appeal the decision to the governing body of the city?

3.    May a charter provision of a charter city disallow persons affected by a parcel or tentative map determination made by a city advisory agency or appeal board to appeal the decision to the governing body of the city?

CONCLUSIONS

1.    Persons must be allowed to appeal to the governing body of a city the determination made by a city advisory agency or appeal board to approve, conditionally approve, or disapprove a parcel or tentative map of a proposed subdivision with respect to required findings concerning (1) general and specific plan consistency, (2) suitable site, (3) environmental, (4) public health, (5) public easements, (6) substantial compliance, and (7) regional water quality control violations that are assigned to the advisory agency or appeal board.  In addition, with respect to a tentative map determination made by a city advisory agency or appeal board, (1) the subdivider, (2) any tenant of the subject property in the case of a residential conversion project, and (3) the advisory agency must be allowed to appeal the determination to the governing body of the city, and (4) any interested person adversely affected by the determination must be allowed to obtain review by the filing of a complaint with the governing body of the city.

1.                                                                                    90-602

2.	The Legislature may enact a statute that does not allow persons affected by a parcel or tentative map determination made by a city advisory agency or appeal board to appeal the decision to the governing body of the city.

3.	A charter provision of a charter city may not disallow the statutory right of persons affected by a parcel or tentative map determination made by a city advisory agency or appeal board to appeal the decision to the governing body of the city.

ANALYSIS

The Subdivision Map Act (Gov. Code, §§ 66410-66499.37; "Act")[1] establishes general criteria for land development planning in the creation of subdivisions throughout the state. Cities and counties are given authority under the legislation to regulate the design and improvement of divisions of land in their areas through a process of approving subdivision maps required to be filed by each subdivider. (§ 66411; *Santa Monica Pines, Ltd.* v. *Rent Control Board* (1984) 35 Cal.3d 858, 869; *South Central Coast Regional Com.* v. *Charles A. Pratt Construction Co.* (1982) 128 Cal.App.3d 830, 844-845.)

Ordinarily a "parcel map" is required for subdivisions creating four or fewer parcels, while a "tentative map" and a "final map" are required for the creation of five or more parcels. (§§ 66426, 66428.) A subdivider must obtain approval of the appropriate map before the subdivided parcels are offered for sale, lease, or are financed. (§§ 66499.30, 66499.31; *Bright* v. *Board of Supervisors* (1977) 66 Cal.App.3d 191, 193-194.)

The three questions presented for resolution concern the formal administrative procedures for approving, conditionally approving, or disapproving parcel and tentative maps.[2] If these decisions are made by an "advisory agency"[3] or "appeal board"[4] of a city, under what circumstances must persons be given the right to appeal adverse decisions to the city council?

---

[1]All references hereafter to the Government Code are by section number only.

[2]The approval of a final map is a ministerial function once the tentative map has been approved or the conditions fulfilled with respect to a conditionally approved tentative map. (§§ 66473, 66474.1; *Youngblood* v. *Board of Supervisors* (1978) 22 Cal.3d 644, 653; *Great Western Sav. & Loan Assn.* v. *City of Los Angeles* (1973) 31 Cal.App.3d 403, 411.)

[3]Section 66415 provides:

"`Advisory agency' means a designated official or an official body charged with the duty of making investigations and reports on the design and improvement of proposed divisions of real property, the imposing of requirements or conditions thereon, or having the authority by local ordinance to approve, conditionally approve or disapprove maps."

[4]Section 66416 states:

"'Appeal board' means a designated board or other official body charged with the duty of hearing and making determinations upon appeals with respect to divisions of real property, the imposition of requirements or conditions thereon, or the kinds, nature and extent of the design or improvements, or both, recommended or decided by the advisory agency to be required."

May the Legislature withhold the right to appeal these decisions to the city council? May a charter provision of a charter city provide that such decisions of the advisory agency or appeal board are administratively final?[5]

         1.      Statutory Rights to an Administrative Review

         The first question to be resolved concerns the current provisions of the Act regarding a person's right to appeal administratively a parcel or tentative map determination made by a city advisory agency or appeal board. We conclude that the Act authorizes an appeal with respect to a variety of matters.

         Regarding parcel map determinations, section 66463 provides in part:

         "(a)  Except as otherwise provided for in this code, the procedure for processing, approval, conditional approval, or disapproval and filing of parcel maps and modifications thereof shall be as provided by local ordinance. . . .

         "(b)  Whenever a local agency provides, by ordinance, for the approval, conditional approval, or disapproval of parcel maps by the county engineer, surveyor, or other designated official, the local agency may also, by ordinance, provide that the officer may accept or reject dedications and offers of dedication that are made by a statement on the map."

While section 66463 does not itself grant persons a right of administrative appeal, it indicates that other statutory provisions may do so. We will examine such possibilities later in the context of certain findings required to be made at the time of approving, conditionally approving, or disapproving a parcel map.

         With respect to tentative map determinations, "[a] tentative map shall be filed with the clerk of the advisory agency . . ." (§ 66452, subd. (a)), and "[i]f the advisory agency is authorized by local ordinance to approve, conditionally approve, or disapprove the tentative map, it shall take that action within 50 days after the filing thereof with its clerk and report its action to the subdivider" (§ 66452.1, subd. (b); see *Griffis* v. *County of Mono* (1985) 163 Cal.App.3d 414, 424). Section 66452.5 states in part:

         "(a) The subdivider . . . may appeal from any action of the advisory agency with respect to a tentative map to the appeal board established by local ordinance or, if none, to the legislative body.

         " . . . . . . . . . . . . . . . . . . . .

         "(b) The subdivider . . . or the advisory agency . . . may appeal from the action of the appeal board to the legislative body. . . .

         "After the filing of an appeal, the legislative body shall set the matter for hearing. The hearing shall be held within 30 days after the date of a request therefor filed by the subdivider or the appellant. Within 10 days following the

---

    [5]A persons's right to a judicial review of the city's final administrative decision is governed by section 66499.37 and is not in question.

conclusion of the hearing, the legislative body shall render its decision on the appeal. . . .

"    . . . . . . . . . . . . . . . . . . . . . . .

"(d) Any interested person adversely affected by a decision of the advisory agency or appeal board may file a complaint with the governing body concerning any decision of the advisory agency or appeal board. . . . Upon the filing of the complaint, the governing body shall set the matter for hearing. The hearing shall be held within 30 days after the filing of the complaint. The hearing may be a public hearing for which notice shall be given in the time and manner provided.

"Upon conclusion of the hearing, the governing body shall, within seven days, declare its findings based upon the testimony and documents produced before it or before the advisory board or the appeal board. It may sustain, modify, reject, or overrule any recommendations or rulings of the advisory board or the appeal board and may make any findings which are not inconsistent with the provisions of this chapter or local ordinance adopted pursuant to this chapter."[6]

Under section 66452.5, then, the Legislature has authorized (1) the subdivider, (2) tenants in the case of residential conversion projects, and (3) the advisory agency with respect to appeal board decisions to obtain administrative review of tentative map determinations. We also consider the "complaint" procedure for "[a]ny interested person adversely affected by a decision of the advisory agency or appeal board" to be the functional equivalent of a right of "appeal." (See Subdivision Map Act Practice (Cont.Ed.Bar 1990 Supp.) § 6.20, pp. 44-45.)[7] This procedure gives the person the right to have the city council review and "sustain, modify, reject, or overrule" the decision of the advisory agency or appeal board.

Besides these express appeal rights specified in section 66452.5, the Legislature has mandated that certain findings be made by a city council with respect to parcel and tentative map determinations. These findings may instead be made by an advisory agency or appeal board if an appeal to the city council is authorized by local ordinance for any interested persons. Section 66474.7 states:

"The responsibilities of the governing body under the provisions of Sections 66473.5, 66474, 66474.1, and 66474.6 may be assigned to an advisory

---

[6]For most cities, the "legislative body" or "governing body" designated in various provisions of the Act would be the "city council," and for counties, these terms of the Act would normally refer to the "board of supervisors." Since the questions refer to a city, we will use the usual term "city council."

Section 66452.5 also expressly authorizes "any tenant of the subject property" to appeal to a city council a tentative map decision made by a city advisory agency or appeal board "in the case of a proposed conversion of residential real property to a condominium project, community apartment project, or stock cooperative."

[7]One difference between the two is that "[i]f the legislative body fails to act upon an appeal . . . . , the tentative map, insofar as it complies with applicable requirements of this division and local ordinance, shall be deemed approved or conditionally approved as last approved or conditionally approved." (§ 66452.5, subd. (c).)

agency or appeal board provided the governing body adopts an ordinance which allows any interested person to appeal any decision of the advisory agency or the appeal board relative to such matters to the governing body. Such appellant shall be entitled to the same notice and rights regarding testimony as are accorded a subdivider under Section 66452.5."[8]

Section 66473.5 provides:

"No local agency shall approve a tentative map, or a parcel map for which a tentative map was not required, unless the legislative body finds that the proposed subdivision, together with the provisions for its design and improvement, is consistent with the general plan . . . ."

Section 66474 states:

"A legislative body of a city or county shall deny approval of a tentative map, or a parcel map for which a tentative map was not required, if it makes any of the following findings:

"(a) That the proposed map is not consistent with applicable general and specific plans as specified in Section 65451.

"(b) That the design or improvement of the proposed subdivision is not consistent with applicable general and specific plans.

"(c) That the site is not physically suitable for the type of development.

"(d) That the site is not physically suitable for the proposed density of development.

"(e) That the design of the subdivision or the proposed improvements are likely to cause substantial environmental damage or substantially and avoidably injure fish or wildlife or their habitat.

"(f) That the design of the subdivision or type of improvements is likely to cause serious public health problems.

"(g) That the design of the subdivision or the type of improvements will conflict with easements, acquired by the public at large, for access through or use of, property within the proposed subdivision . . . ."

Hence, for both parcel and tentative map determinations in which the statutorily required findings are made by an advisory agency or an appeal board, a city council[9] must provide interested persons with a right to appeal to the city council.

---

[8]Section 66474.1, as previously noted, deals with the approval of a final map or parcel map found to be in substantial compliance with a tentative map that has been approved for the proposed subdivision, and section 66474.6 concerns violations of regional water quality control requirements.

[9]Special rules apply for the City of Los Angeles. (§§ 66474.60-66474.64.)

In answer to the first question, therefore, we conclude that persons must be allowed to appeal to the governing body of a city an adverse determination made by a city advisory agency or appeal board to approve, conditionally approve, or disapprove a parcel or tentative map of a proposed subdivision with respect to required findings concerning (1) general and specific plan consistency, (2) suitable site, (3) environmental, (4) public health, (5) public easements, (6) substantial compliance, and (7) regional water quality control violations that are assigned to the advisory agency or appeal board. In addition, with respect to a tentative map determination made by a city advisory agency or appeal board, (1) the subdivider, (2) any tenant of the subject property in the case of a residential conversion project, and (3) the advisory agency must be allowed to appeal the determination to the governing body of the city, and (4) any interested person adversely affected by the determination must be allowed to obtain review by the filing of a complaint with the governing body of the city.

2.      The Legislature's Powers

The second question presented is whether the Legislature may enact a statute that does not allow persons affected by a parcel or tentative map determination made by a city advisory agency or appeal board to appeal the decision to the governing body of the city. We conclude that it has the constitutional authority to withhold a person's right of administrative appeal.

In *City and County of San Francisco* v. *Workers' Comp. Appeals Bd.* (1978) 22 Cal.3d 103, 113, the Supreme Court summarized the law making authority of the Legislature in the following terms:

> ". . . `[t]he Constitution of this State is not to be considered as a grant of power, but rather as a restriction upon the powers of the Legislature; and that it is competent for the Legislature to exercise all powers not forbidden by the Constitution of the State, or delegated to the [federal] government, or prohibited by the Constitution of the United States.' [Citations.]

> "As our court explained nearly a half century ago, `[W]e do not look to the Constitution to determine whether the legislature is authorized to do an act, but only to see if it is prohibited. In other words, unless restrained by constitutional provision, the legislature is vested with the whole of the legislative power of the state.' [Citation.] Moreover, the governing authorities' additionally establish that `[i]f there is any doubt as to the Legislature's power to act in any given case, the doubt should be resolved in favor of the Legislature's action. Such restrictions and limitations are to be construed strictly, and are not to be extended to include matters not covered by the language used.' [Citation.]"

The Legislature's regulation and control of divisions of real property is the exercise of what is termed the "police power." (See *Griffin Development Co.* v. *City of Oxnard* (1985) 39 Cal.3d 256, 263-266; *Robins* v. *Pruneyard Shopping Center* (1979) 23 Cal.3d 899, 906; *Birkenfeld* v. *City of Berkeley* (1976) 17 Cal.3d 129, 155-160.) As explained by the Court of Appeal in *Trent Meredith, Inc.* v. *City of Oxnard* (1981) 114 Cal.App.3d 317, 325:

> "The police power is the inherent reserved power of the state to subject individual rights to reasonable regulations for the general welfare. [Citation.] One of the most common subjects of . . . police power regulations . . . is the area of land use and development."

"The legislature is possessed of the entire police power of the state, except as its power is limited by the provisions of the constitution." (*Frost* v. *City of Los Angeles* (1919) 181 Cal. 22, 28.) "The determination as to what portion, if any, of a state's police power shall be delegated to its lesser political entities is left to its people through constitutional processes or through their legislatures. [Citations.]" (*City of Lafayette* v. *County of Contra Costa* (1979) 91 Cal.App.3d 749, 754.)

Nothing in the Constitution precludes the Legislature from requiring the parcel and tentative map determinations made by a city advisory agency or appeal board to be the "final" administrative action taken on behalf of the city. The Legislature may withhold a right of administrative appeal without violating any provision of the Constitution.

Of course, the Constitution does impose certain "procedural due process" restrictions upon enactments of the Legislature when it exercises its police power authority. The approval, conditional approval, or disapproval of a parcel or tentative map constitutes a "quasi-judicial act" (also termed an "adjudicatory decision") for which the Constitution requires (1) notice to affected parties, (2) an opportunity to be heard at an administrative hearing, (3) appropriate findings made by the administrative body, and (4) judicial review of the administrative decision. (See *Horn* v. *County of Ventura* (1979) 24 Cal.3d 605, 612-616; *Youngblood* v. *Board of Supervisors*, *supra*, 22 Cal.3d 644, 651, fn. 2; *Hayssen* v. *Board of Zoning Adjustments* (1985) 171 Cal.App.3d 414, 426-427; see also *Topanga Assn. for a Scenic Community* v. *County of Los Angeles* (1974) 11 Cal.3d 506, 514-517.) For purposes of these constitutional guarantees, however, the Legislature may designate a city advisory agency or appeal board as the "final" administrative body.

In answer to the second question, therefore, we conclude that the Legislature may enact a statute that does not allow persons affected by a parcel or tentative map determination made by a city advisory agency or appeal board to appeal the decision to the governing body of the city.

3.      Charter Provisions of a Charter City

The third question presented is whether a charter provision of a charter city may abrogate a person's statutory right to an administrative appeal of a parcel or tentative map determination made by a city advisory agency or appeal board. We conclude that charter provisions may not disallow the right of administrative appeal granted by the Legislature.

Each city and county is given power under the Constitution to "make and enforce within its limits all local, police, sanitary and other ordinances and regulations" as long as they are "not in conflict with general laws." (Cal. Const., art. XI, § 7.) As explained by the Supreme Court in *Birkenfeld* v. *City of Berkeley*, *supra*, 17 Cal.3d at 140: "A city's police power under this provision can be applied only within its own territory and is subject to displacement by general state law but otherwise is as broad as the police power exercisable by the Legislature itself." (See *Griffin Development Co.* v. *City of Oxnard*, *supra*, 39 Cal.3d at 261.)

We have concluded here that the Legislature has provided by "general law" for a person's right to appeal to the city council the parcel and tentative map determinations made by a city advisory agency or appeal board. (§§ 66452.5, 66474.7.) Any local ordinance denying such right of appeal would be "in conflict with general laws" and thus void. (See §§ 66421, 66451; *Griffis* v. *County of Mono*, *supra*, 163 Cal.App.3d 414, 425-426; *Friends of Lake Arrowhead* (1974) 38 Cal.App.3d 497, 505.)

A charter city, however, has constitutional power over "municipal affairs" in addition to its general police power authority, and this additional power is not restricted by statutes enacted by the Legislature. "City charters adopted pursuant to this Constitution shall supersede any existing charter, and with respect to municipal affairs shall supersede all laws inconsistent therewith." (Cal. Const., art. XI, § 5, subd. (a).) Explaining this constitutional language in *Committee of Seven Thousand* v. *Superior Court* (1988) 45 Cal.3d 491, 505, the Supreme Court said: "Under this provision, ordinances enacted in a charter city relating to matters which are purely municipal affairs prevail over state laws covering the same subject." (See *Baggett* v. *Gates* (1982) 32 Cal.3d 128, 136.)

On the other hand, "[a]s to matters which are of statewide concern, . . . home rule charter cities remain subject to and controlled by applicable general state laws regardless of the provisions of their charters. . . ." (*Bishop* v. *City of San Jose* (1969) 1 Cal.3d 56, 61.) The distinction that must be drawn, then, is between a "purely" municipal affair and one that has statewide interest.

"The applicability of a state statute turns on whether it addresses matters of statewide or strictly local concern," and "courts decide this issue under the facts of each case." (*Los Angeles County Safety Police Assn.* v. *County of Los Angeles* (1987) 192 Cal.App.3d 1378, 1385.) "[N]o exact definition of the term `municipal affairs' can be formulated, and . . . what constitutes a municipal affair or matter of statewide concern may change over time in response to changing conditions in society. (*Committee of Seven Thousand* v. *Superior Court, supra*, 45 Cal.3d 491, 505.) Those "factors which influenced the Legislature to adopt the general laws may likewise lead the courts to the conclusion that the matter is of statewide rather than merely local concern." (*Bishop* v. *City of San Jose, supra*, 1 Cal.3d 56, 63.) If any doubt exists as to whether a matter is of statewide concern or is strictly a municipal affair, such doubt "`must be resolved in favor of the legislative authority of the state.'" (*Baggett* v. *Gates, supra*, 32 Cal.3d 128, 140; *City of Los Angeles* v. *State of California* (1982) 138 Cal.App.3d 526, 533.)

The regulation of divisions of real property and the procedures under which subdivisions are created in California are of statewide concern and not purely a municipal affair. (See *Hirsch* v. *City of Mountain View* (1976) 64 Cal.App.3d 425, 429-431; *Santa Clara County Contractors etc. Assn.* v. *City of Santa Clara* (1965) 232 Cal.App.2d 564, 575-578; *Newport Bldg. Corp.* v. *City of Santa Ana* (1962) 210 Cal.App.2d 771, 776-777; 73 Ops.Cal.Atty.Gen. 152, 156, fn. 4 (1990); 71 Ops.Cal.Atty.Gen. 326, 327-328 (1988); 64 Ops.Cal.Atty.Gen. 549, 550, fn. 2. (1981.))[10] Accordingly a charter city has no power under its "municipal affairs" constitutional authority to abrogate a legislatively granted statutory right to an administrative appeal of a parcel or tentative map approval, conditional approval, or disapproval.

In answer to the third question, therefore, we conclude that a charter provision of a charter city may not disallow the statutory right of persons affected by a parcel or tentative map determination made by a city advisory agency or appeal board to appeal the decision to the governing body of the city.

\* \* \* \* \*

---

[10]The *Santa Clara* and *Newport* cases were disapproved on another point in *The Pines* v. *City of Santa Monica* (1981) 29 Cal.3d 656, 664 [ordinances enacted under a charter city's taxation power are not in conflict with the Act's provisions regulating subdivisions].